FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2018 MAY 30 PM 5: 31

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

TIMOTHY SHAULIS,

    Plaintiff,

vs.                                    CASE NO.: 8:18-CV-1293-T-24MAP

ORACLE AMERICA, INC.,

    Defendant.

_____/

## COMPLAINT

**COMES NOW**, Plaintiff, TIMOTHY SHAULIS, by and through his undersigned attorney, and sues the Defendant, ORACLE AMERICA, INC., a Foreign corporation (hereinafter referred to collectively as "ORACLE" or "Defendant"), and alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1367 and 1441(b).

2. Venue lies within United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this

3. Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

### ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to bringing this action have occurred.

5. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations. A copy of the charge is attached as Exhibit "A".



6. A notification of Right to Sue was received from the Equal Employment Opportunity Commission or about March 2, 2018 and a copy is attached as Exhibit "B". This Complaint has been filed within ninety (90) days of receipt thereof.

7. More than 180 days have passed since the filing of this charge.

## PARTIES

8. Plaintiff, TIMOTHY SHAULIS ("SHAULIS"), is a resident of Hillsborough County, Florida at all times material and worked for Defendant in this Juridical District during the applicable statute of limitations.

9. Defendant, ORACLE AMERICA, INC., is a Foreign Profit corporation authorized and doing business in this Judicial District.

10. At all times material, Plaintiff, TIMOTHY SHAULIS, was an employee of the Defendant within the meaning of the Family and Medical Leave Act ("FMLA").

## GENERAL ALLEGATIONS

11. At all times material, Defendant acted with malice and reckless disregard for Plaintiff's federal and state protected rights.

12. At all times material, Plaintiff was qualified to perform his job duties within the legitimate expectations of his employer.

13. Plaintiff has retained the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

14. Plaintiff requests a jury trial for all issues so triable.

## FACTUAL ALLEGATIONS

15. Plaintiff, TIMOTHY SHAULIS, began his employment with Defendant in 2004.

16. At all times material, Plaintiff worked at Defendant's facility in Tampa, Florida as

Regional Sales Director until his termination on or around December 2, 2016.

17. Plaintiff excelled in this position.

18. Plaintiff's immediate supervisor was Tim Brown, Group Vice President, Business Analytics.

19. During mid-2016, Plaintiff began suffering from a serious health condition and disability.

20. Plaintiff's supervisors were well-aware that Plaintiff was coping with personal and health issues.

21. In fact, Plaintiff's supervisor, Tim Brown actively encouraged Plaintiff to seek medical treatment for his serious medical condition.

22. In or around early November, 2016, Plaintiff's health condition deteriorated.

23. As a result, on or around November 9, 2016, Plaintiff informed his supervisor, Tim Brown, that he would require medical leave to seek treatment for his serious health condition.

24. Plaintiff immediately sought, and was approved for FMLA leave through The Hartford, Defendant's third-party FMLA administrator.

25. In or around early November 2016, Plaintiff's medical condition worsened.

26. On or about November 9, 2016, Plaintiff complained to Mr. Brown that an individual Oracle "Platinum Partner" was having an affair with his wife and that he required medical leave to seek treatment for his serious health condition.

27. Shortly thereafter, Mr. Brown informed Plaintiff that he wished that Plaintiff had not complained about this issue.

28. On November 15, 2016, Plaintiff entered an in-patient healthcare treatment facility.

29. On December 2, 2016, while on FMLA leave, Tim Brown terminated Plaintiff after

13-years of employment.

## COUNT I
## AMERICANS WITH DISABILITIES ACT – DISCRIMINATION

30. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-nine (29).

31. Plaintiff is an individual entitled to protection under the Americans with Disabilities Act, as amended, 42 U.S.C. §12112 et seq.

32. Plaintiff is an employee within the meaning of the Americans with Disabilities Act, as amended.

33. Plaintiff is an individual with a disability within the meaning of the Americans with Disabilities Act, as amended. Plaintiff's mental impairment substantially limited one or more major life activities and one or more major bodily functions.

34. Plaintiff was a qualified individual with a disability within the meaning of the Americans with Disabilities Act, as amended, because Plaintiff, with or without a reasonable accommodation, could perform the essential functions of his job.

35. By the conduct described above, Defendant has engaged in unlawful employment practices and discriminated against Plaintiff on account of his known disability, and/or because Defendant regarded him as having a disability, and/or because of Plaintiff's record of having a disability in violation of the Americans with Disabilities Act, as amended. Specifically, Defendant failed to reasonably accommodate Plaintiff's disabilities, by among other things, altering its rules, policies, or procedures, and failed to engage in an interactive process in determining a reasonable accommodation. Furthermore, Defendant discriminated against Plaintiff by terminating Plaintiff's employment with Defendant.

36. The above described acts of disability discrimination constitute a violation of the

Americans with Disabilities Act, as amended, for which Defendant is liable.

37. Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

38. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the federal-protected rights of Plaintiff.

39. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

    e. Punitive damages;

    f. Attorneys' fees and costs;

    g. Injunctive relief; and

    h. For any other relief this Court deems just and equitable.

### COUNT II
### TITLE VII - RETALIATION

40. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-nine (29).

41. Plaintiff engaged in protected activity by opposing an employment practice made unlawful by Title VII or for which Plaintiff had a good faith reasonable belief was an employment practice made unlawful by Title VII, and timely filing a Charge of Discrimination with the Florida

Commission on Human Relations and Equal Employment Opportunity Commission.

42. In retaliation for engaging in protected activity, Plaintiff suffered an adverse employment action when he was terminated from his employment.

43. The above described acts of retaliation constitute a violation of Title VII, 42 U.S.C. Section 2000 *et seq*.

44. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, TIMOTHY SHAULIS, prays for the following damages against Defendant, ORACLE AMERICA, INC.:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages;

    e. Pecuniary and non-pecuniary losses;

    f. Costs and attorneys' fees;

    g. Punitive damages; and

    h. For any other relief this Court deems just and equitable.

## COUNT III
## FCRA DISCRIMINATION – HANDICAP

45. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-nine (29).

46. Plaintiff is an individual entitled to protection under the Florida Civil Rights Act, Chapter 760, Florida Statutes.

47. Plaintiff is an employee within the meaning of the Florida Civil Rights Act.

48. Plaintiff is an individual with a handicap within the meaning of the Florida Civil Rights Act. Plaintiff's mental impairment substantially limited one or more major life activities and one or more major bodily functions.

49. Plaintiff was a qualified individual with a handicap within the meaning of the Florida Civil Rights Act because Plaintiff, with or without a reasonable accommodation, could perform the essential functions of his job.

50. By the conduct described above, Defendant has engaged in unlawful employment practices and discriminated against Plaintiff on account of his known handicap, and/or because Defendant regarded him as having a handicap, and/or because of Plaintiff's record of having a handicap in violation of the Florida Civil Rights Act. Specifically, Defendant failed to reasonably accommodate Plaintiff's actual, perceived, or record of handicap and failed to engage in an interactive process in determining a reasonable accommodation. Furthermore, Defendant discriminated against Plaintiff by terminating Plaintiff's employment with Defendant.

51. The above described acts of discrimination constitute a violation of the Florida Civil Rights Act, for which Defendant is liable.

52. Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

53. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the protected rights of Plaintiff.

54. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a. Back pay and benefits;

    b.    Prejudgment interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

    e.    Punitive damages;

    f.    Attorneys' fees and costs;

    g.    Injunctive relief; and

    h.    For any other relief this Court deems just and equitable.

## COUNT IV
## FLORIDA CIVIL RIGHTS ACT - RETALIATION

55. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-nine (29).

56. Plaintiff engaged in protected activity by opposing an employment practice made unlawful by the Florida Civil Rights Act, or for which Plaintiff had a good faith reasonable belief was a practice made unlawful by the Florida Civil Rights Act, and timely filing a Charge of Discrimination with the Florida Commission on Human Relations and the Equal Employment Opportunity Commission.

57. In retaliation for engaging in protected activity, Plaintiff suffered an adverse employment action when he was terminated from his employment.

58. The aforementioned actions by Defendant constitute retaliation by Defendant in violation of Chapter 760, Florida Statutes.

59. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages for pecuniary losses, mental anguish, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has also suffered lost wages and benefits and lost employment

opportunities.

WHEREFORE, Plaintiff, TIMOTHY SHAULIS, demands a trial by jury and judgment against Defendant, ORACLE AMERICA, INC., for:

a. Back pay and benefits;

b. Interest in back pay and benefits;

c. Front pay and future benefits;

d. Loss of future earning capacity;

e. Emotional pain;

f. Suffering;

g. Attorneys' fees and costs;

h. Punitive damages;

i. Inconvenience; and

j. For any other relief this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

60. Plaintiff, TIMOTHY SHAULIS, demands a trial by jury on all issues so triable.

Dated this 30th day of May 2018.

FLORIN, GRAY, BOUZAS, OWENS, LLC

s/ Miguel Bouzas
MIGUEL BOUZAS, ESQUIRE
Florida Bar No.: 48943
Primary: miguel@fgbolaw.com
Secondary: Lindsay@fgbolaw.com
WOLFGANG M. FLORIN, ESQUIRE
Florida Bar No.: 907804
Primary: wolfgang@fgbolaw.com
Secondary: debbie@fgbolaw.com
CHRISTOPHER D. GRAY, ESQUIRE
Florida Bar No.: 902004
Primary: chris@fgbolaw.com
GREGORY A. OWENS, ESQUIRE
Florida Bar No.: 5136
greg@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
Facsimile (727) 483-7942
Attorneys for Plaintiff